UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC.,<br><br>    Defendant.<br>_____/ | No. C-11-1480 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE; AND DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT WITHOUT PREJUDICE**<br><br>**(Docket Nos. 13, 18)** |

       Plaintiff Charmane Smith has filed suit against Defendant Adobe Systems, Inc., asserting a claim for strict liability based on design defects. Currently pending before the Court are two motions filed by Adobe: (1) a motion to dismiss or, in the alternative, for a more definite statement and (2) a motion to declare Ms. Smith a vexatious litigant. Both motions are suitable for disposition on the papers (*i.e.*, without oral argument), and thus the Court **VACATES** the hearing set for September 23, 2011. Adobe's motion to dismiss is **GRANTED**. Because, for the reasons discussed below, the dismissal shall be without prejudice, the Court, at this juncture, **DENIES** Adobe's motion to declare Ms. Smith a vexatious litigant. The denial of this motion is also without prejudice.

## I.    FACTUAL & PROCEDURAL BACKGROUND

       In her complaint, Ms. Smith asserts a claim for strict liability because there are allegedly design defects in Adobe's products and services – more specifically, "security flaws" – which purportedly allowed a computer hacker to "hijack control of [her] browser, files, [and] web content" and "to silently reprogram [her] hardware [and] user settings." Compl. at 2. According to Ms.

Smith, the hacker's conduct resulted in the following injuries: "theft of money [and] data, loss of expected benefit of sale items, loss of potential income from business obstruction, loss of potential income from lost $40,000,000.00 business loan from HSBC Bank, damaged credit rating, damaged appliances, peripherals, [and] electronics." *Id.* Ms. Smith seeks as relief "$2,800,000,000.00 + all court, attorney, and litigation costs, fees, [and] expenses." *Id.* at 3.

## II. DISCUSSION

A. Legal Standard

1. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

2. Rule 12(e)

Under Rule 12(e), a party may move for a more definite statement with respect to a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding"). A Rule 12(e) motion may

2

1  be granted, for example, "where the complaint is so general that ambiguity arises in determining the
2  nature of the claim." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

3  B.    Elements of Claim for Strict Liability

4  The California Supreme Court has explained that a product can be defective in design under
5  one of two tests. Under the consumer expectations test, a product is defective in design if it failed to
6  perform as safely as an ordinary consumer would expect when used in an intended or reasonably
7  foreseeable manner. Under the risk-benefit test, a product is defective in design if, on balance, the
8  benefits of the challenged design outweigh the risk of danger inherent in such design. *See Barker v.
9  Lull Eng'g Co.*, 20 Cal. 3d 413, 430-32 (1978). The elements of a claim for strict liability, when
10 based upon a design defect, are as follows: (1) a defect in the design of the product, (2) causation,
11 and (3) injury. *See Nelson v. Superior Court*, 144 Cal. App. 4th 689, 695 (2006).

12 In the instant case, Adobe argues that, pursuant to Rule 12(b)(6), Ms. Smith has failed to
13 state a claim for relief because she has failed to adequately plead the essential elements of a claim
14 for strict liability based on a design defect. The Court agrees in part. Based on the Court's review
15 of the complaint, it is deficient in two ways. First, it is not entirely clear from the complaint which
16 Adobe product or products are allegedly defective. *See* Compl. at 2 (referring not only to products
17 but also to services of Adobe; simply describing those products and services as follows: ".pdf files
18 [and] readers"). Second, it appears from the complaint that Ms. Smith is making a claim of design
19 defect under the consumer expectations test; however, she has no allegations that she was using the
20 Adobe product in an intended or reasonably foreseeable manner.

21 The Court disagrees with Adobe, however, that Ms. Smith has failed to plead causation. In
22 her complaint, Ms. Smith claims that there are security flaws with Adobe's products which enabled
23 the computer hacker to cause damage. The Court also disagrees with Adobe that Ms. Smith has
24 failed to plead injury because she has not expressly stated that she owned or used an Adobe product
25 or that any harm occurred to her specifically. Both may be fairly inferred from the complaint.

26 As for Adobe's point that, under California law, recovery under the doctrine of strict liability
27 is limited solely to physical harm to person or property and does not include economic loss, that is
28 accurate. *See Jimenez v. Superior Court*, 29 Cal. 4th 473, 482 (2002) (stating that "recovery under

the doctrine of strict liability is limited solely to physical harm to person or property" and that "[d]amages available under strict products liability do not include economic loss, which includes damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits – without any claim of personal injury or damages to other property") (internal quotation marks omitted). It is also true that Ms. Smith has claimed economic loss as part of her injuries; to the extent that she has, that part of her claim for strict liability cannot stand and her request for those damages is hereby stricken. However, contrary to what Adobe argues, Ms. Smith has also pled injury to property – *e.g.*, "damaged appliances, peripherals, [and] electronics." Compl. at 2. Accordingly, there is a basis upon which her claim for strict liability may proceed.

The Court thus concludes that Ms. Smith has failed to state a claim for relief but only in the respects identified above – *i.e.*, based on her failure to specify which Adobe product or products are at issue and her failure to include factual allegations supporting the consumer expectations theory for defective design. Because the Court cannot say, at this point in the proceedings, that these deficiencies cannot be cured by the allegation of additional facts, the Court dismisses the strict liability claim but does so without prejudice so that she may replead, in an amended complaint, her strict liability claim, addressing in particular the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that, "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'").

The Court emphasizes that Ms. Smith only has the Court's leave to plead additional factual allegations in support of the strict liability claim. She is not permitted to assert any new causes of action. The Court also forewarns Ms. Smith that she may not include in her amended complaint any request for economic loss damages. Finally, the Court notes, for Ms. Smith's benefit, that, because she may not assert economic loss damages, it has serious concerns as to whether it has diversity jurisdiction, which requires that the amount-in-controversy exceed $75,000. *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship and an amount-in-controversy exceeding $75,000). If Ms. Smith chooses to file an amended complaint, she must state the basis of subject matter

4

jurisdiction and plead factual allegations in support thereof, including the jurisdictional limits for diversity jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Adobe's motion to dismiss but without prejudice. Ms. Smith has leave to file an amended complaint in accordance with the above within twenty days of the date of this order. If no amended complaint is timely filed, then the Clerk of the Court shall enter judgment against Ms. Smith and close the file in this case.

The Court notes that, because it is giving Ms. Smith an opportunity to file an amended complaint, it shall at this juncture deny Adobe's motion to declare Ms. Smith a vexatious litigant. This denial is without prejudice; that is, Adobe is not precluded from reasserting the same request at a later point in these proceedings. The Court further takes this opportunity to note that Adobe's motion – although being denied – has raised serious concerns with the Court. Ms. Smith is thus advised that, if she is to file an amended complaint, she must have a good faith basis, both in law and fact, to assert a claim for relief against Adobe and to invoke the jurisdiction of this Court. **This is a requirement under Federal Rule of Civil Procedure 11.** If she has no good faith basis in law and fact for believing that she has been wronged by Adobe and for invoking the jurisdiction of this Court, then not only may she be sanctioned under Rule 11 (which includes the possibility of monetary sanctions) but also her prospects of being declared a vexatious litigant are enhanced.

This order disposes of Docket Nos. 13 and 18.

IT IS SO ORDERED.

Dated: September 21, 2011

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHARMANE SMITH,

    Plaintiff,

v.

ADOBE SYSTEMS INC et al,

    Defendant.

Case Number: CV11-01480 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charmane Smith
1509 Mink Street
Memphis, TN 38111

Dated: September 21, 2011

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

6